# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JASON T. EVICK,

        Petitioner,  :  Case No. 1:22-cv-111

- vs -    District Judge Susan J. Dlott
       Magistrate Judge Michael R. Merz

WARDEN, Toledo
  Correctional Institution

        Respondent.  :

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case under 28 U.S.C. § 2254 in which Petitioner Jason Evick, proceeding *pro se*, seeks habeas corpus relief from his convictions in the Clinton County Court of Common Pleas for felonious assault and domestic violence (Petition, ECF No. 1, PageID 22). On Order of Magistrate Judge Elizabeth Preston Deavers, to whom this case was originally referred, the Respondent has filed the State Court Record (ECF No. 10) and a Return of Writ (ECF No. 11). Judge Deavers also set a deadline for Petitioner to file a reply of twenty-one days after the Return (to wit, by August 29, 2022), but Evick has filed no reply nor sought an extension of time in which to do so. Thus the case became ripe for decision on the date the reply was due.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 12).

1

**Litigation History**

On April 24, 2017, a Clinton County, Ohio, grand jury indicted Evick for rape in violation of Ohio Revised Code § 2907.02(A)(2), kidnapping in violation of Ohio Revised Code § 2905.01(A)(3), domestic violence in violation of Ohio Revised Code § 2919.25(A), and felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) (Indictment, State Court Record, ECF No. 10, Ex. 1).

After two prior appointed attorneys withdrew, the trial court appointed a third attorney and the remaining charges of rape and felonious assault were tried to a jury which found Evick not guilty of rape but guilty of felonious assault. Evick waived a jury on the domestic violence charge and tried it to the court, which convicted him. With new counsel he appealed to the Ohio Twelfth District Court of Appeals which affirmed the conviction. *State v. Evick*, 2020-Ohio-3072 (May 26, 2020)(copy at State Court Record, ECF No. 10, Ex. 38). The Ohio Supreme Court declined to exercise jurisdiction over an appeal. *State v. Evick*, 161 Ohio St.3d 1450 (2021).

Evick filed an Ohio App. R. 26(B) application to reopen his direct appeal to raise a claim of ineffective assistance of appellate counsel which the Twelfth District dismissed as untimely. (Entry, State Court Record, ECF No. 10, Ex. 45). The Supreme Court of Ohio again declined to exercise appellate jurisdiction. *State v. Evick*, 166 Ohio St.3d 1509 (2022).

On January 18, 2022, Evick filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 10, Ex. 49). The trial court dismissed the Petition as untimely and Evick did not appeal. *Id.* at Ex. 55.

Evick filed his Petition in this case on February 13, 2022, by placing it in the prison mail system that date. He pleads the following Grounds for Relief:

2

**Ground One**: Ineffective assistance of counsel – violation of due process – Fifth and Fourteenth Amendments U.S. Constitution; Section 10 Article I Ohio Constitution: Sixth Amendment U.S. Constitution; Section 10 Article I Ohio Constitution.

**Supporting Facts**: Appellate counsel was incompetent. Used a sentencing vehicle as double jeopardy arguments against successive prosecutions and trials. Failed to raise merit us (sic) claims, raised "automatic" losers.

**Ground Two**: Double Jeopardy – violation of due process Fifth and Fourteenth Amendments U.S. Constitution; Section 10 Article I Ohio Constitution.

**Supporting Facts**: The State of Ohio proceeded to try Petitioner twice on a "single course of action" violating the service of the law.

**Ground Three**: Ineffective assistance of counsel – violation of due process – Fifth and Fourteenth Amendments U.S. Constitution; Section 10 Article I Ohio Constitution: Sixth Amendment U.S. Constitution; Section 10 Article I Ohio Constitution.

**Supporting Facts:** Counsel failed to utilize available information from previous trial, failed to investigate, failed to object to inflammatory testimony, failed to instruct court on merger to previous conviction, failed to conduct meaningful cross examination, filed wrong argument (spoliation), failed to file "crime scene contamination" motion, failed to subpoena expert witness.

**Ground Four:** Abuse of discretion - violation of due process – Fifth and Fourteenth Amendments U.S. Constitution: Section 10 Article I Ohio Constitution.

**Supporting Facts**: The court violated Petitioner's due process on several occasions. Failed to provide attorney @ arraignment, committed plain error for failing to merge Petitioner's Clinton Co. convictions with Clermont County convictions, trial court failed to instruct right to testify, court failed to visit crime scene tampering w/evidence by alleged victim, dad, and friend, trial court failed to visit possible murder of Petitioner's witness, trial court failed to visit conspiracy to commit murder on Petitioner by alleged victim, failed to conduct evidentiary hearing on ineffective assistance of counsel.

**Ground Five**: Prosecutorial misconduct - violation of due process Fifth and Fourteenth Amendments U.S. Constitution:  Section 10 Article I Ohio Constitution.

>**Supporting Facts:** Prosecution failed to transport Petitioner to attend arraignment in proper time frame.

(Petition, ECF No. 1).

# Analysis

**Ground One:  Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Evick claims he received ineffective assistance of appellate counsel in violation of his federal and Ohio constitutional rights.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  This Court therefore cannot grant habeas corpus relief on the basis of any violation of Ohio rights and will not consider them further in this Report.

Effective assistance of counsel is guaranteed to criminal defendants by the Sixth Amendment.  *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).  This right applies at trial, but also on a first appeal of right.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show

deficient performance by counsel and resulting prejudice to his case. *Strickland v. Washington,* 466 U.S. 668 (1984). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008).

Under Ohio law, a claim of ineffective assistance of appellate counsel must be raised by way of an application to reopen under Ohio R. App.P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Evick filed such an application, but the court of appeals refused to hear it on the merits because it was untimely filed (Entry, State Court Record, ECF No. 10, Ex. 45).

In general "denying a postconviction motion or appeal based on untimeliness is an independent and adequate state procedural ground. *Walker v. Martin,* 562 U.S. 307, 310-11 (2011); *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Evick has offered no excusing cause and prejudice for his delay in filing. Ground One should, therefore, be dismissed as procedurally defaulted.

**Ground Two: Double Jeopardy**

In his Second Ground for Relief, Evick claims the State of Ohio violated his right to protection from double jeopardy by trying him twice on "a single course of action" violating the "service of the law." Evick does not elaborate on the nature of this claim in the Petition and never

filed a reply.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

Respondent concedes this Ground for Relief is preserved for merits consideration in habeas corpus, but argues the decision of the court of appeals on this claim is entitled to deference under 28 U.S.C. § 2254(d)(1). That court decided:

> [*P29] Evick argues that the court erred by not dismissing the domestic violence and felonious assault charges because these convictions violated his constitutional rights pursuant to the Double Jeopardy Clause. Specifically, Evick argues that his conviction in Clermont County for domestic violence was premised on a single course of conduct that began in Clinton County and ended in Clermont County.
>
> [*P30] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or." Similarly, Section 10, Article I, of the Ohio Constitution provides that "no person shall be twice put in jeopardy for the same offense." The Supreme Court of Ohio has stated that the protections afforded by the Double Jeopardy Clauses of each constitution are coextensive. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, ¶ 15, 82 N.E.3d 1141.
>
> [*P31] Therefore, the prohibition against double jeopardy protects individuals from three types of abuses by the criminal justice system: "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after

> conviction, and (3) multiple punishments for the same offense." *State v. Gustafson,* 76 Ohio St. 3d 425, 432, 1996-Ohio-299, 668 N.E.2d 435 (1996), citing *United States v. Halper*, 490 U.S. 435, 440, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989).
>
> [*P32] Evick concedes that Snider's testimony in the Clermont County trial included her description of a specific assault that occurred in Clermont County, i.e., Evick punching her in the face while in the vehicle. However, Evick argues that Snider also testified as to the physical abuse that occurred in Clinton County. Evick argues that there were no intervening events that would have separated his actions against Snider in Clinton County and Clermont County.
>
> [*P33] This court finds no support in the record for Evick's argument. Evick's indictment and eventual conviction in Clermont County for domestic violence was premised upon his punching Snider in the face on March 15, 2017, while in a vehicle located in Clermont County. The evidence of what occurred in Clermont County was not presented to the jury in the Clinton County case. The Clinton County convictions for domestic violence and felonious assault were for discrete acts of violence that occurred in and around the camper in Clinton County from March 13 through15, 2017. Those acts were separately testified to and discrete from the violent act that formed the basis of Evick's conviction in Clermont County. Evick's convictions for domestic violence and felonious assault were not second prosecutions for the same offense. For the foregoing reasons, this court overrules Evick's first assignment of error.

*State v. Evick,* 2020-Ohio-3072 (Ohio App.12th District 2020).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of

7

the evidence presented in the State court proceedings.

Evick has offered no argument or citation to suggest the decision of the Twelfth District on his Double Jeopardy claim is contrary to or an unreasonable application of any Supreme Court precedent. The Twelfth District's decision is therefore entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Ground Two should be dismissed.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Evick asserts he received ineffective assistance of trial counsel in the following ways: "Counsel failed to utilize available information from previous trial, failed to investigate, failed to object to inflammatory testimony, failed to instruct court on merger to previous conviction, failed to conduct meaningful cross examination, filed wrong argument (spoliation), failed to file "crime scene contamination" motion, failed to subpoena expert witness."

Evick's Ground Three is entirely conclusory in that he merely lists claims and does not tell us what conduct or omissions by his trial attorney fit with those claims. Respondent asserts most if not all of these claims would have been reviewable on direct appeal because they are manifest on the face of the appellate record and are therefore procedurally defaulted. Beyond that, Respondent asserts the Twelfth District's decision is a reasonable application of *Strickland*. Beyond that, Respondent asserts procedural default in Evick's failure to appeal any ineffective assistance of trial counsel claim to the Ohio Supreme Court.

Each of these arguments merits dismissal. Evick has not provided sufficient detail on any of his ineffective assistance of trial counsel sub-claims for the Court to tell with certainty what

conduct or omission he is complaining of, much less to compare that conduct with precedent. Proper exhaustion of a habeas claim requires that it be presented to the highest state court. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). And many of the claims Evick is apparently making could have been, but were not, presented on direct appeal and are therefore barred under Ohio's criminal *res judicata* doctrine, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), which is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Ground Three should therefore be dismissed.

**Ground Four: Violation of Due Process by Trial Court**

In his Fourth Ground for Relief, Evick claims the trial court abused its discretion and violated his due process rights in several particulars. Evick is not entitled to habeas corpus relief on his Fourth Ground for Relief for the following non-exclusive reasons:

Abuse of discretion by a state court judge is not cognizable in habeas corpus. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

While a defendant is entitled to counsel at arraignment, failure to do so in this case is clearly harmless. All that is required of a defendant at arraignment is to enter a plea of not guilty and Evick has not suggested any harm suffered by not having a lawyer present.

For reasons given by the Twelfth District Court of Appeals in its discussion of the Double

9

Jeopardy claim, Evick was not entitled to merger of any of his convictions under Ohio Revised Code § 2941.25.

Failure to notify of the right to testify would have been apparent on the face of the appellate record and is procedurally defaulted by not being raised there.

There is no federal constitutional right to an evidentiary hearing in a state post-conviction proceeding.

Evick's claim that the trial court failed to "visit" several possible relevant other events does not state a cognizable claim in habeas corpus. Assuming "visit" means "investigate," it is not the constitutional role of state courts to investigate other possible relevant crimes. Ground Four should be dismissed.

**Ground Five: Prosecutorial Misconduct**

In his Fifth Ground for Relief, Evick asserts the prosecutor committed misconduct by not transporting him to the arraignment in time. This claim is completely conclusory: Evick does not plead what the proper time would have been or why it was the responsibility of the prosecutor to transport him.

Respondent claims this Ground for Relief is procedurally defaulted by Evick's failure to make a contemporaneous objection and failure to fairly present this claim to the Ohio courts; Evick makes no response. Ground Five fails to state a claim upon which habeas corpus relief can be granted and is in any event procedurally defaulted for the reasons given by Respondent. Ground Five should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 15, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge